E X H I B I T S

IN

SUPPORT OF PETITION

**Administrative Remedy No. 365570-A1**
**Part B - Response**

You contend the Bureau of Prisons has incorrectly calculated the
amount of Good Conduct Time you may earn during your term of
imprisonment.

You are serving a sentence of 97 months imposed on September 10,
1999, for an offense committed on September 29, 1998.  The
version of § 3624(b) authorizing the Bureau to award GCT in your
case provided the following.  "A prisoner who is serving a term
of imprisonment of more than one year, other than [life], shall
receive credit toward the service of his sentence, beyond the
time served, of fifty-four days at the end of each year of his
term of imprisonment, beginning at the end of the first year of
the term, unless the Bureau of Prisons determines that, during
that year, he has not satisfactorily complied with . . .
institutional regulations . . . Credit for the last year or
portion of a year of the term of imprisonment shall be prorated .
. ."  The interpretation of § 3624(b) by the Bureau is contained
in 28 CFR § 523.20, which provides that "an inmate earns 54 days
credit toward service of sentence (good conduct time credit) for
each year served.  This amount is prorated when the time served
by the inmate for the sentence during the year is less than a
full year."  The method of calculation is set forth in Program
Statement 5880.28, <u>Sentence Computation Manual CCCA</u>, pgs. 1-40
and 1-41: "54 days of GCT may be earned for each full year served
on a sentence in excess of one year, with the GCT being prorated
for the last partial year."  BOP interprets the statute to
require deduction of the time served (one year) and good conduct
time earned (up to 54 days) off your sentence at the end of the
actual service of each year.  As each year of actual service
ends, another deduction is made for the time served and good
conduct time earned for the year.  Good conduct time is awarded
proportionally based on actual time served in the last partial
year.  The Bureau has reasonably interpreted this statute to
require properly awarded good conduct time to be subtracted from
the remainder of the sentence, not from the year already served.
If the Bureau computed GCT in the manner you request as relief,
then it would violate the statutory mandate that the GCT be
awarded at the end of each year of the prisoner's term of
imprisonment.  The institution properly computed your sentence
and correctly applied BOP's method for awarding good conduct
time.

Your appeal is denied.

May 2, 2005
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

U. S. Department of Justice
Federal Bureau of Prisons
*Federal Correctional Institution*

*1900 Simler Avenue*
*Big Spring, TX 79720-7799*

Official Business
Penalty for Private Use $300





U.S. OFFICIAL MAIL
PENALTY FOR
PRIVATE USE $300

$ 00.37⁰
MAY 23 2005

02 1A
0004203955
MAILED FROM ZIP CODE 79720

FIRST-CLASS

79721-3470

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Sent via: U.S. POSTAL SERVICE CERTIFIED MAIL RECEIPT:
7003 0500 0004 9119 1462 Rtn. Signature Requested

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

| From: | HAWRELAK, NORMAN J. | 28353-086 | BIG SPRING FLIGHTLINE F-2 CORRECTIONAL CENTER |
|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** — Regional Administrative Remedy Appeal -- 365570-R1

This instant appeal is timely as the response from the Administrator, Privatization Management Branch was received by Petitioner on February 24, 2005.

The issue in this instant matter is whether the Bureau of Prisons' method for calculating good conduct time is consistent with 18 U.S.C. § 3624(b). That is, that a federal prisoner may earn up to 54 days of good conduct time for every year of his "term of imprisonment." And, whether § 3624(b) requires the Bureau of Prisons to calculate a prisoner's good conduct time on the basis of the prisoner's sentence rather than on the time he has actually served.

The Bureau has promulgated a regulation interpreting this provision as awarding good time credit on the basis of "each year served." 28 C.F.R. § 523.20. In Program Statement 5880.28, the bureau has set forth the formula it uses to calculate good conduct time. Under the bureau's formula, a prisoner that receives a sentence of one year and one day can earn up to 47 days of good conduct time rather than 54 days.

The same matter at issue here was recently considered in a habeas corpus petition in **WHITE v. SCIBANA**, 314 F.Supp.2d 834 (W.D.Wis.2004). The threshold question was whether an agency's interpretation of a federal statute is entitled to deference. Judge Crabb considered that

| MARCH 02, 2005 | NORMAN JOHN HAWRELAK© |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

RECEIVED

| | MAR 10 2005 | |
|---|---|---|
| DATE | | GENERAL COUNSEL |

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 365570-A1

**Part C - RECEIPT**

CASE NUMBER: _____

| Return to: | HAWRELAK, NORMAN J. | 28353-086 | Flightline F-2 | BSCC |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| | | |
|---|---|---|
| DATE | | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |
| | | BP-231(13) |

CONTINUATION PAGE – Central Office Administrative Remedy Appeal [365570-R1] NORMAN J. HAWRELAK  #28353-086

the Supreme Court has applied varying levels of deference depending on the context of the interpretation. E.g. *Alaska Department of Environmental Conservation v. EPA*, 124 S.Ct. 983 (2004)(internal guidance memoranda entitled to "respect" but not "dispositive force"); *Yellow Transportation, Inc. v. Michigan*, 123 S.Ct. 371 (2003)(regulation promulgated after notice and comment entitled to highest level of deference when Congress has expressly authorized agency to promulgate rules). However, regardless of the context of the interpretation, the agency is entitled to no deference if Congress has expressed its intent unambiguously in the statute. *FDA v. Brown & Williamson Tobacco Corp.*, 120 S.Ct. 1291 (2000). Agencies may fill gaps in ambiguous statutes; they may not contradict a statute's plain language.

In her decision in **WHITE,** Judge Crabb concluded that the pivotal clause in § 3624(b) is the one stating that an inmate may earn up to 54 days of good conduct time "at the end of each year of the prisoner's term of imprisonment." That clause raised the question whether the phrase "term of imprisonment" means "sentence imposed" or "time served." If "term of imprisonment" refers to the sentence, an inmate's maximum potential good conduct time could be calculated by multiplying 54 days by the number of years in the sentence. However, if a term of imprisonment is defined by the inmate's actual time served, the number of good time credits that could be earned would be reduced and a more complicated calculation would be required because a prisoner that earns good time will not actually serve his full sentence. **Id.** 837.

As an initial matter, the respondent challenged the conclusion that the case turns on an interpretation of "term of imprisonment." It is true that the statute allows good conduct time for those prisoners serving a term of imprisonment of more than one year, but the statute also says that the inmate may receive 54 days of credit for every year of the prisoner's "term of imprisonment." If "term of imprisonment" means"sentence," an inmate would be eligible to receive good conduct time for each year of his sentence rather than for each year he has served. Judge Crabb thus adhered to the conclusion in her earlier order that the bureau has no authority to calculate credits on the basis of time served if § 3624(b) unambiguously expresses Congress' intent to define "term of imprisonment" as "sentence imposed." **Id. 837, 838.**

The phrase "term of imprisonment" is used several times in § 3624. None of the other uses supports a "time served" interpretation of "term of imprisonment." For example, the first sentence of § 3624(a) provides, "A prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment, less any time credited ..." This sentence can make sense only if a term of imprisonment is another way of saying the sentence imposed. If "term of imprisonment" means only the time *actually* served, there would be no need to subtract "time credited" to determine the release date because good conduct time would already be taken into account. This sentence is in essence a calculation for time served: Sentence imposed minus good time credited equals time served. There is no other way to read this provision. **Id.** 838.

Similarly, the first sentence of § 3624(b) provides that any "prisoner who is serving a term of imprisonment of more than 1 year" may earn good conduct time. (Section 3624(c) also refers to a "prisoner serving a term of imprisonment"). Again, this portion of the statute would make no sense if "term of imprisonment" means the time served. An inmate cannot be "serving" time he has already served. In this context, if Congress had intended "term of imprisonment" to mean "time served," it could have used the clause "a prisoner who *has completed* a term of imprisonment of more than one year." Further, a "time served" interpretation of "term of imprisonment" in this clause would make determining eligibility for good conduct time a perplexing process when the sentence is just over one year. For example, an inmate who would initially be eligible for good time credit because his sentence was 366 days would become ineligible once his good conduct time was taken into account. Even the bureau has interpreted the statute as making good conduct time available when the *sentence* is more than a year. **Id.** 838.

The phrase "term of imprisonment" is a legal term of art that Congress has employed in dozens of statutes, many of which were part of the Comprehensive Crime Control Act of 1984, the same act in which § 3624 was included. Throughout these statutes, Congress has uniformly used "term of imprisonment" as a synonym for "sentence." E.g., 18 U.S.C. § 3147("A term of imprisonment imposed pursuant to this section shall be consecutive to any other sentence of imprisonment."); 18 U.S.C. § 3156(a)(3)("The term "felony" means an offense punishable by a maximum term of imprisonment of more than one year."); 18 U.S.C. § 3584(a)("If multiple terms of imprisonment are imposed on a defendant at the same time ..."); 28 U.S.C. § 994(b)("If a sentence specified by the guidelines includes a term of imprisonment, the maximum of the range established for such a term shall not exceed the minimum of that range by more than 25 per centum."). It is fair to assume that if Congress had intended to make the calculation for good conduct time contingent on time served rather than the sentence imposed, it would not have used a phrase with such a clear and consistent meaning throughout the United States Code. *Firstar Bank, N.A. v. Faul*, 258 F.3d 982, 990 (7th Cir.2001)("[W]here a word is given a consistent meaning throughout the United States Code, then the courts assume that it has that same meaning in any particular instance of that word."). **Id.** 839.

**In granting the petition, Judge Crabb ruled that an agency does not have discretion to interpret a statute that is unambiguous. Because she had concluded that Congress had the unambiguous intent to define the phrase "term of imprisonment" to mean "sentence imposed," the bureau did not have the authority to promulgate a regulation that uses "time served" as the basis for the calculation.**

If one assumes that "a year" of the "term of imprisonment" is a year of the sentence imposed, then an inmate has completed a year of the term whenever the inmate's actual time actually served plus good conduct time equals 365 days (e.g., 311 days served + 54 days of good conduct time = 1 year of the term of imprisonment). In the instant matter of Petitioner's 97 month sentence, the bureau's calculation falls far short of the correct amount, viz: 97 month sentence= 8 years and 1 month; 8 years x 54 days = 432 days; 54 days per year divided by 12 months=4.5 days for the prorated good conduct time for the one month beyond the 8 years. Adding the 432 days + 4.5 days=**436.5** days good conduct time credit to be deducted from the term of imprisonment. Not 380 days as erroneously calculated by the bureau. This is a difference of **56.5** days that the bureau is short-changing the Petitioner in the instant matter of the sentence calculation.

On the basis of the above, Petitioner requests that the bureau apply the proper statutory construction to allow for 54 days of good time credit for each year of the term of imprisonment as provided for in 18 U.S.C. § 3624(b), entitling the earning of **436.5** days of good time credit, rather than the 380 days provided for under BOP policy, correcting the good time credit and NORMAN JOHN HAWRELAK's release date to **August 17, 2005.**



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com™

Return to: NORMAN JOHN LAWRENCE
Flightline FC-2  #28353-086

| | | |
|---|---|---|
| Postage | $ | 1.29 |
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 5.34 |

Postmark Here

MAR 0 4 2005

Sent To: Harrell Watts/Adm. Remedy Coordinator
National Inmate Appeals Administrator
Street, Apt. No.: Office of General Counsel
or PO Box No. FEDERAL BUREAU OF PRISONS
City, State, ZIP+4: 320 First Street, N.W.
Washington, D.C.  20534

PS Form 3800, June 2002                See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Harrell Watts
Administrative Remedy Coordinator
Office of General Counsel
FEDERAL BUREAU OF PRISONS
CENTRAL OFFICE
320 First Street, N.W.
Washington, D.C.  20534

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

MAR 1 0 2005

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7003 0500 0004 9119 1462

PS Form 3811, August 2001        Domestic Return Receipt        2ACPRI-03-P-4061

CENTRAL OFFICE ADMINISTRATIVE REMEDY APPEAL

## E  X  H  I  B  I  T  S

# CORNELL CORRECTIONS
### Flightline Unit

RECEIVED FEB 2 1 2005

## INMATE REQUEST TO A STAFF MEMBER
## PETICION DE INTERNOS PARA UN MIEMBRO ... CIONAL

FRIDAY, FEBRUARY 18, 2005

TO/PARA: IVIVIAN REED – CASE MANAGER – F UNIT

(NAME AND TITLE OF OFFICER/NOMBRE Y TITULO DEL OFFICIAL)

SUBJECT: STATE, COMPLETELY, BUT BRIEFLY, THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE, AND WHAT YOU THINK SHOULD BE DONE. (GIVE DETAILS)

RAZON: ESTIPULE COMPLETO PERO BREVEMENTE EL PROBLEMA CON EL CUAL DESEA ASSISTANCIA Y LO QUE DEBE SER HECHO. (DAR DETALLES)

On January 03, 2005 I recieved a BP-10/(BP-230) for an issue I was presenting to the SCRO of the BOP. Their response is now well past the 30 day time limitation, therefore to facilitate my proceeding to the next level of review I require a BP-11 Form. Your cooperation in making this form immediately available is most appreciated. Thank you.

(USE OTHER SIDE OF PAGE IF MORE SPACE IS NEEDED.)
(USE EL ATRO LADO DE LA HOJA IS MAS ESPACIO ES NECESITADO.)

NAME/NOMBRE: NORMAN JOHN HAWRELAK    No./Numero: 28353-086

WORK ASSIGNMENT/ASIGNACION DE TRABAJO: N/A    UNIT/UNIDAD: F-2

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.

NOTA: Si usted sigue las instrucciones en preparar su peticion, puede ser dispuesta mas rapida y inteligentemente. Usted sera entrevistado si es necesario para poder manejar su peticion satisfactoriamente. Su negligencia en declarar su problema especificamente puede resultar en que no se tome alguna accion.

DISPOSITION: (DO NOT WRITE IN THIS SPACE)    DATE/FECHA:
DISPOSICION: (NO ESCRIBA EN ESTE ESPACIO)

*There are four copies of the above form attached.*

2/23/05

INMATE COPY

Regional Administrative Remedy Appeal 365570-R1
Part B Response


This is in response to your regional administrative remedy appeal
in which you claim your statutory and due process rights have
been violated. Specifically, you claim your good conduct time
(GCT) has not been calculated as required by Title 18, U.S.C.,
§3624(b), based on the term of imprisonment rather than time
served. You request an award of 54 days per year.

Bureau of Prisons (BOP) Program Statement 5880.28, <u>Sentence
Computation Manual (CCCA of 1984)</u> states: "54 days of GCT may be
earned for each full year served on a sentence in excess of one
year, with the GCT being prorated for the last partial year."
Good conduct time is deducted at the end of each full year of
service, as specified by §3624(b) and awarded proportionally for
the last partial year of service. Any other method of
calculating GCT would not be in accordance with the statute which
requires GCT be awarded at the end of each year's service. As
evidenced by the Sentence Monitoring Good Conduct Time Display,
you have been awarded 54 days GCT at the end of each full year of
imprisonment, and are scheduled for an award of 54 days at the
conclusion of the current year's service. A prorated award of
two (2) days is projected for your last partial year of service.
Your sentence has been computed in accordance with existing
policy and the BOP will not make any adjustments to the
calculation of your GCT unless you obtain a court order affecting
your sentence.

Based on the above, there is no basis for granting relief and
your appeal is denied. If you are dissatisfied with this
response, you may appeal to the Office of General Counsel,
Federal Bureau of Prisons, 320 First Street, N.W., Washington, DC
20534. Your appeal must be received in the Office of General
Counsel within 30 calendar days from the date of this response.


2/1/05
_____
Date

James E. Burrell, Administrator
Privatization Management Branch

.S. Department of Justice

ederal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Sent via: U.S. POSTAL SERVICE/CERTIFIED MAIL Receipt: 7003 0500 0004 9119 1472 Return Signature Requested

ype or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted vith this appeal.

From: HAWRELAK, NORMAN J.     28353-086     Flightline F-2     Corrections Center

       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL:**

NORMAN JOHN HAWRELAK's statutory & due process rights are being violated by the Federal Bureau of Prisons mis-interpretation & error in applying the statute governing good time credits, 18 U.S.C. § 3624(b), which deprives NORMAN JOHN HAWRELAK of eligibility for the 54 days of good time credit for each year of his term of imprisonment, to which he is statutorily entitled.

    Per the Acting Facility Director's response at ¶ 3: "Your sentence was computed in accordance with procedures mandated by the Bureau of Prisons and is not open to interpretation at the institutional level." (See attached "MEMORANDUM" marked as **EXHIBIT 1**)

    Therefore, please accept the attached Grievance with attachments marked as **EXHIBIT 2**, the issues being set out therein, which is hereby made a part of this instant Grievance Appeal and is fully incorporated herein by reference as to all points & issues raised therein.

    Should the instant Grievance Appeal be deemed as not acceptable under the Administrative Remedy Program or the Administrative Remedy Program be deemed unavailable to the Petitioner, per 28 C.F.R. § 542.10, please inform the Petitioner in writing of "the appropriate administrative procedure that is available to the Petitioner" in order to allow him to obtain redress in this instant matter, per 28 C.F.R. § 542.12(b).

_JANUARY 07, 2005_                        _NORMAN JOHN HAWRELAK_ ®

    DATE                                        SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
JAN 1 4 2005
PRIVATIZATION
MANAGEMENT BRANCH

---

    DATE

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

RECEIVED
JAN 1 2 2005
BUREAU OF PRISONS
LEGAL DEPARTMENT

**Part C - RECEIPT**

RECEIVED
JAN 1 2 2005
BUREAU OF PRISONS
LEGAL DEPARTMENT

REGIONAL DIRECTOR

CASE NUMBER: 365570-R

CASE NUMBER:

Return to: HAWRELAK, NORMAN J.

     LAST NAME, FIRST, MIDDLE INITIAL      28353-086 Flightline F-2      Big Spring Correctional Ctr.

                        REG. NO.      UNIT      INSTITUTION

ERROR IN APPLYING THE STATUTE GOVERNING GOOD TIME CREDITS (18 USC § 3624(



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Rtn to: NORMAN JOHN HAWKINS #78353-080
Flightline Unit Serial S. E.

| Postage | $ | 1.52 |
|---|---|---|
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 5.57 |

*FL  JAN 10 2005  USPS*

Sent To: South Central Regional Director
Federal Bureau of Prisons
Street, Apt. No.; or PO Box No. South Central Regional Office
4211 Cedar Springs Road, Ste.300
City, State, ZIP+4 Dallas, TX 75219

PS Form 3800, June 2002    See Reverse for Instructions

7003 0500 0004 9119 1172

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Regional Director
South Central Regional Office
FEDERAL BUREAU OF PRISONS
4211 Cedar Springs Road, Ste.300
Dallas, TX 75219

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Susan O. Holland_  ☑ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery  1/12/05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)    7003 0500 0004 9119 1172

PS Form 3811, August 2001    Domestic Return Receipt    2ACPRI-03-P-4081

REGIONAL ADMINISTRATIVE REMEDY APPEAL

E X H I B I T    1

**Big Spring Correctional Center**

INMATE'S COPY

| **Interstate Unit** | **Airpark Unit** | **Flightline Unit** | **Cedar Hill Unit** |
|---|---|---|---|
| 1801 West Interstate 20 | 3700 Wright Avenue | 2001 Rickabaugh Drive | 3711 Wright Avenue |
| Big Spring, Texas 79720 | Big Spring, Texas 79720 | Big Spring, Texas 79720 | Big Spring, Texas 79720 |
| 915-263-8532 | 915-263-8806 | 915-267-7911 | 915-268-1227 |
| Fax 915-263-5840 | Fax 915-267-2404 | Fax 915-264-0915 | Fax 915-268-1241 |

Accounting Department • P.O. Box 3470 • Big Spring, Texas 79721-3470 • 915-264-0060 • Fax 915-267-6522

# MEMORANDUM

**Date:** December 22, 2004

**To:** Inmate Hawrelak, John Norman #28353-086

**From:** Robin Barnes, Acting Facility Director

**Re:** Grievance for Sentence Miscalculation

On December 21, 2004, a grievance from you regarding the computation of your sentence was sent to Brick Tripp, Facility Director. As acting Facility Director I am writing to you in response to your grievance.

Your grievance states that you are receiving 47 days of good time credit for each year and not the 54 days you should be granted. Your sentence has been computed crediting you with 54 days of good credit time for each year served.

Your sentence was computed in accordance with procedures mandated by the Bureau of Prisons and is not open to interpretation at the institution level.

I wish to inform you that your grievance regarding a "miscalculation" in your sentence is denied.

05 1403

**FILED**

JUL 1 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

REGIONAL ADMINISTRATIVE REMEDY APPEAL

E  X  H  I  B  I  T     2

# CORNELL CORRECTIONS
## Flightline Unit

RECEIVED DEC 2 1 2004

## INMATE REQUEST TO A STAFF MEMBER
## PETICION DE INTERNOS PARA UN MIEMBRO INSTITUCIONAL

---

GRIEVANCE: SENTENCE MIS–CALCULATION –– DECEMBER 20, 2004

TO/PARA: MR. BRICK TRIPP – FACILITY DIRECTOR, FLIGHTLINE UNIT
             (NAME AND TITLE OF OFFICER/NOMBRE Y TITULO DEL OFFICIAL)

SUBJECT:  STATE, COMPLETELY, BUT BRIEFLY, THE PROBLEM ON WHICH YOU DESIRE
          ASSISTANCE, AND WHAT YOU THINK SHOULD BE DONE. (GIVE DETAILS)
RAZON:    ESTIPULE COMPLETO PERO BREVEMENTE EL PROBLEMA CON EL CUAL DESEA
          ASSISTANCIA Y LO QUE DEBE SER HECHO. (DAR DETALLES)

---

This instant GRIEVANCE is presented to you for your review and action

thereupon, as the Facility Director of Cornell Corrections Corporation

Inc. Big Springs Correctional Center's Flightline Unit you are

responsible for the over-all administrative and security supervision of

the facility, through the Bureau of Prisons, an agency of the United

States Department of Justice, and are accountable for NORMAN JOHN

HAWRELAK's custody at the Big Spring Correctional Center. Please see attached.

Upon your receipt, please return a "stamp-filed copy indicating date of receipt".

(USE OTHER SIDE OF PAGE IF MORE SPACE IS NEEDED.)
(USE EL ATRO LADO DE LA HOJA IS MAS ESPACIO ES NECESITADO.)

NAME/NOMBRE: NORMAN JOHN HAWRELAK          No./Numero: 28353–086
WORK ASSIGNMENT/ASIGNACION DE TRABAJO: N/A      UNIT/UNIDAD: F–2

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be
interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no
action being taken.
NOTA: Si usted sigue las instrucciones en preparar su peticion, puede ser dispuesta mas rapida y inteligentemente. Usted sera
entrevistado si es necesario para poder manejar su peticion satisfactoriamente. Su negligencia en declarar su problema especificamente
puede resultar en que no se tome alguna accion.

05 140:

DISPOSITION: (DO NOT WRITE IN THIS SPACE)       DATE/FECHA: 12/22/04       FILED
DISPOSICION: (NO ESCRIBA EN ESTE ESPACIO)

Please see attached response in
a Memorandum dated 12/22/04.

JUL 1 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

GRIEVANCE: SENTENCE MIS-CALCULATION                    Page ONE    December 20, 2004

NORMAN JOHN HAWRELAK    Reg.No. 28353-086    BIG SPRING CORRECTIONAL CENTER FLIGHTLINE UNIT F-2

NORMAN JOHN HAWRELAK's statutory & due process rights are being violated by the Federal Bureau of Prisons mis-interpretation & error in applying the statute governing good time credits, 18 U.S.C. § 3624(b), which deprives NORMAN JOHN HAWRELAK of eligibility for the 54 days of good time credit for each year of his term of imprisonment, to which he is statutorily entitled.

STATEMENT OF FACTS:

On September 10, 1999, Robert S. Lasnik, U.S. District Court Judge for the Western District of Washington, sentenced NORMAN JOHN HAWRELAK to a term of imprisonment of 97 months upon his conviction of violation of 18 U.S.C. § 1956a(2) & (2) "Money Laundering" in UNITED STATES OF AMERICA v. NORMAN JOHN HAWRELAK, Case No. CR98-0619L. NORMAN JOHN HAWRELAK has been in continuous custody in connection with this offense since September 29, 1998.

Title 18 U.S.C. § 3624(b) provides that "a prisoner who is serving a term of imprisonment of more than 1 year ... may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment."

Under BOP policy the maximum allowable good time credit that can be awarded to a prisoner sentenced to 1 year & 1 day is approximately 47 days because the BOP bases its calculations on the actual time served in prison, rather than on the sentence imposed, as set out in PROGRAM STATEMENT 5880.28 (June 20, 1997).

The BOP has calculated NORMAN JOHN HAWRELAK's sentence according to PROGRAM STATEMENT 5880.28 to reflect a potential award of 380 days of good time credit, and projected his release date as October 13, 2005.

Were NORMAN JOHN HAWRELAK's sentence computation performed as provided for in 18 U.S.C. § 3624(b), he would be entitled to earn 436.5 days of good time credit, rather than the 380 days provided for under BOP policy.

STATEMENT OF LAW:

NORMAN JOHN HAWRELAK, having been sentenced to a term of imprisonment of 8 years and 1 month, is statutorily entitled under 18 U.S.C. § 3624(b) to earn 54 days of good time credit for each year of his term of imprisonment because the plain language of the statute provides that "a prisoner who is serving a term of imprisonment of more than 1 year ... may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment." 18 U.S.C. § 3624(b).

The BOP's interpretation is contrary to the unambiguous intent of Congress that prisoners are eligible to earn 54 days of good time credit for each year of the term of imprisonment. Chevron U.S.A. v. Natural Defense Resources Council, 467 U.S. 837, 842-43 (1984); United States v. LaBonte, 520 U.S. 751, 762 n.6 (1997).

Even if the statute were ambiguous, the BOP's interpretation is not entitled to deference because the rule of lenity must be used in construing an ambiguous penal statute. Bifulco v. United States, 447 U.S. 381, 387 (1980).

The conduct of HARLEY G. LAPPIN, Director of the Federal Bureau of Prisons, & his agents in promulgating a policy denying NORMAN JOHN HAWRELAK eligibility to earn the statutory maximum credit of 54 days, and barring good time credit of no more than 47 days, deprives NORMAN JOHN HAWRELAK of rights conferred by 18 U.S.C. § 3624(b), as well as the Equal Protection and Due Process Clauses of the Fifth Amendment to the United States Constitution.

DISCUSSION:

The statute governing the question of good time credits is 18 U.S.C. § 3624(b), wherein Congress plainly stated that federal prisoners serving more than a 1 year "term of imprisonment" are to receive credit "beyond the time served" of up to 54 days at the end of each year of the "term of imprisonment." "Term of imprisonment" is uniformly understood to mean the sentence imposed in the Judgment and Commitment Order. Thus, a 366-day (1 year & 1 day) term of imprisonment, minus 54 days credit for good time, equals 312 days incarceration. Despite this clear language, NORMAN JOHN HAWRELAK has only been credited with 47 days of good time credit.

GRIEVANCE: SENTENCE MIS-CALCULATION                    Page TWO        December 20, 2004

NORMAN JOHN HAWRELAK   Reg.No. 28353-086   BIG SPRING CORRECTIONAL CENTER FLIGHTLINE UNIT F-2

The BOP made a fundamental error in applying the statute: the BOP administratively substituted "year served" for "term of imprisonment." Rather than simply subtracting 54 days from the term of imprisonment of 1 year & 1 day, the BOP resorted to a circular series of mathematical computations that even the BOP describes as "arithmetically complicated" to reach the conclusion that 54 days good time credit, on a sentence of 1 year & 1 day, equals 47 days good time credit. This result is foreclosed by the plain meaning of the statute and other basic principles of statutory construction.

Contrary to the statute's use of "term of imprisonment" as the operative time, the BOP in PROGRAM STATEMENT 5880.28 has established a procedure whereby a prisoner's good time credit is not awarded on the basis of the length of the sentence imposed, but rather on the number of days actually "served." 28 C.F.R. § 523.20; P.S. 5880.28 at 1-48:

"It is essential to learn that GCT is not awarded on the basis of the length of the sentence imposed, but rather on the number of days actually served. In other words, when the GCT awarded plus the number of days actually served equals the days remaining on the sentence, then the prisoner shall be released on the date arrived at in the computation process (days remaining on sentence - (GCT + days served) = release date)."

Under the Program Statement, a prisoner sentenced to a 1 year & 1 day term of imprisonment earns not 54 days of good time credit, but only 47 days.

The plain language of the statute compels the result NORMAN JOHN HAWRELAK seeks. The statute itself refers not to "time served" but to "term of imprisonment" as the basis for calculating good time credits. When a statute speaks with clarity to the issue, judicial inquiry into the statute's meaning, in all but the most extraordinary circumstances, is finished. Pavelic & LeFlore v. Marvel Group, 493 U.S. 120 (1989); Rubin v. United States, 449 U.S. 424, 430 (1981). As stated in United States v. Ton Pair Enterprises, Inc., 498 U.S. 235 (1989):

"Plain meaning of legislation should be conclusive, except in rare cases in which literal application of the statute will produce a result demonstrably at odds with the intention of its drafters; in such cases, intention of the drafters, rather than strict language controls."

See generally: Sutherland Stat. Const. § 46.01 (5th Ed.)

Here there is no ambiguity. The statute clearly states that prisoners may receive 54 days good time credit for every year of their "term of imprisonment." 18 U.S.C. § 3624(b). The BOP's policy of allowing good conduct credit for only the time actually "served" is contrary to the statute's plain meaning.

The Supreme Court has stated that "where the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguous-ly expressed intent of Congress." Chevron U.S.A. v. Natural Resources Defense Council, 467 U.S. 837, 842-43 (1984). The first step of analysis under Chevron is a determination whether Congress has plainly stated its intent. United States v. LaBonte, 520 U.S. 751, 762 n.6 (1997); McLean v. Crabtree, 173 F.3d 1176, 1182-83 (9th Cir. 1999). Once that statute is found to be unambiguous, no deference is owed to the agency. LaBonte, supra; see also INS v. Cardoza-Fonseca, 480 U.S. 421, 431 (1987) (ordinary and obvious meaning is not to be lightly discounted); Russello v. United States, 464 U.S. 16, 23 (1983) (it is generally presumed that Congress acts intentionally and purposely in the language it chooses). Nor may an agency ignore an unambiguous statutory definition in favor of its own preferred definition. Orca Bay Seafoods v. Northwest Truck Sales, Inc., 32 F.3d (9th Cir. 1994) (regardless of policy justification, Secretary of Transportation may not exempt certain vehicles from clear statutory definition). Because Congress used the unambiguous phrase "term of imprisonment" in Id Section 3624(b), the BOP is simply not permitted to substitute the distinct phrase "for each year served" in prison.

The Program Statement's confusion of year "served" for "term of imprisonment" is inconsistent with the statute. The relevant phrase, "term of imprisonment," appears in numerous statutes and has a well-established meaning—the time imposed in the judgment, not actual time in custody. United States v. Morales-Alejo, 193 F.3d 1102, 1105-06 (9th Cir. 1999) (distinguishing between "term of imprisonment" and detention); 18 U.S.C. § 4101(b) (defining "imprisonment" as "a penalty imposed by a court under which the individual is confined to an institution); 18 U.S.C. § 3582 ("term of imprisonment" is determined by

GRIEVANCE: SENTENCE MIS-CALCULATION    Page THREE    December 20, 2004

NORMAN JOHN HAWRELAK    Reg.No. 28353-086    BIG SPRING CORRECTIONAL CENTER FLIGHTLINE UNIT F-2

While Congress directed in the statute that credit be calculated at 54 days per year for each year of a "term of imprisonment," the Bureau of Prisons, both in its regulations and its program statements, substituted the phrase "for each year served." 28 C.F.R. § 523.20, which discusses good conduct time, provides in pertinent part:

> "Pursuant to 18 U.S.C. § 3624(b), as in effect for offenses committed on or after November 1, 1987 but before April 26, 1996, an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year. ...
>     * * *
>     (a) When considering good conduct time for an inmate serving a sentence for an offense committed on or after April 26, 1996, the Bureau shall award:
>         (1) 54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) ... "

Thus, all prisoners are only given credit for time "served," not on the "term of imprisonment." PROGRAM STATEMENT 5880.28 makes the same fundamental error, establishing a formula for awarding the full 54 days of good conduct time "for each year served on a sentence in excess of 1 year." The BOP—contrary to the plain dictate of the statute— ignores the term of imprisonment: "It is essential to learn that GCT is not awarded on the basis of the length of the sentence imposed, but rather on the number of days actually served." PS 5880.28 at 48.

The last sentence of 18 U.S.C. § 3624(b)(1) provides:

> "Credit for the last year or portion of the year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence."

The provision relates to the time at which good time will be credited to an inmate and recognizes that sentences are not imposed solely in full year increments. The provision states that sentences will be "prorated" for portions of the year of the term of imprisonment. Critical to this analysis is Congress' continued use of "term of imprisonment."

Congress specifically directed that the proration be based on the "term of imprisonment" imposed by the court, not the time served by the inmate.

While the BOP has certain tasks delegated to it by Congress, the maximum amount of good time on a term of imprisonment is not so delegated.

In a recent U.S. District Court decision, White v. Scibana, No. 03-C-581-C (W.D. Wisc. 04-23-04), Judge Crabb ruled that the BOP has been mis-calculating the "good time" credits it grants to federal prisoners by short-changing them seven (7) days each year. Her decision was based on the plain language of the governing statute, 18 U.S.C. § 3624(b) which provides for 54 days of good time, as well as the unambiguous intent of Congress. After reviewing the record and the briefs before her, Judge Crabb concluded that the BOP "does not have discretion to interpret a statute that is unambiguous." Accordingly, she concluded that the BOP "did not have the authority to promulgate a regulation that uses 'time served' as the basis for the [good conduct time] calculation"; and she granted White's habeas petition and ordered the BOP to release him some 2 months earlier than it had planned.

RELIEF REQUESTED:

Apply the proper statutory construction to allow for 54 days of good time credit for each year of the term of imprisonment as provided for in 18 U.S.C. § 3624(b), entitling the earning of 436.5 days of good time credit by NORMAN JOHN HAWRELAK, rather than the 380 days provided for under BOP policy, correcting the good time credit and NORMAN JOHN HAWRELAK's date of release to August 17, 2005.

Respectfully presented this 20th day of December, 2004, by: *NORMAN JOHN HAWRELAK*

NORMAN JOHN HAWRELAK
Reg. No. 28353-086
BIG SPRING CORRECTIONAL CENTER
FLIGHTLINE UNIT F-2
2001 Rickabaugh Drive

Enclosure(s): 4 pages    12-01-04 SENTENCE MONITORING
                          COMPUTATION DATA

A T T A C H M E N T   P A G E S:   [4]

# CORNELL CORRECTIONS    ORIGINAL-
## Flightline Unit
RECEIVED DEC 0 1 2004

## INMATE REQUEST TO A STAFF MEMBER
## PETICION DE INTERNOS PARA UN MIEMBRO INSTITUCIONAL

TUESDAY, NOVEMBER 30, 2004

TO/PARA:  IVIVIAN REED - CASE MANAGER F-UNIT
          (NAME AND TITLE OF OFFICER/NOMBRE Y TITULO DEL OFFICIAL)

SUBJECT:  STATE, COMPLETELY, BUT BRIEFLY, THE PROBLEM ON WHICH YOU DESIRE
          ASSISTANCE, AND WHAT YOU THINK SHOULD BE DONE. (GIVE DETAILS)
RAZON:    ESTIPULE COMPLETO PERO BREVEMENTE EL PROBLEMA CON EL CUAL DESEA
          ASSISTANCIA Y LO QUE DEBE SER HECHO. (DAR DETALLES)

Please provide me with an up-to-date computer printout of the B.O.P.'s

sentence calculation showing the Good Time Credit available and already

credited towards the sentence I am currently serving.  Thank you.

(USE OTHER SIDE OF PAGE IF MORE SPACE IS NEEDED.) INMATE COPY
(USE EL ATRO LADO DE LA HOJA IS MAS ESPACIO ES NECESITADO.)

NAME/NOMBRE:  NORMAN JOHN HAWRELAK         No./Numero:  28353-086
WORK ASSIGNMENT/ASIGNACION DE TRABAJO:  N/A    UNIT/UNIDAD:  F-2

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.
NOTA: Si usted sigue las instrucciones en preparar su peticion, puede ser dispuesta mas rapida y inteligentemente. Usted sera entrevistado si es necesario para poder manejar su peticion satisfactoriamente. Su negligencia en declarar su problema especificamente puede resultar en que no se tome alguna accion.

DISPOSITION: (DO NOT WRITE IN THIS SPACE)          DATE/FECHA:
DISPOSICION: (NO ESCRIBA EN ESTE ESPACIO)

See attachment
of BP-5

```
1CSA1  540*23 *          SENTENCE MONITORING           *    12-01-2004
PAGE 001        *          COMPUTATION DATA             *    13:10:02
                             AS OF 12-01-2004


REGNO..: 28353-086 NAME: HAWRELAK, NORMAN JOHN


FBI NO...........: 543748P9          DATE OF BIRTH: 12-10-1950
ARS1.............: BSC/A-DES
UNIT.............: FLIGHTLINE         QUARTERS.....: A01-011L
DETAINERS........: YES               NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 04-13-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  10-13-2005 VIA GCT REL

REMARKS........: DETAINER:  BAKERSFIELD INS, A21555401

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ---------------------


COURT OF JURISDICTION............: WASHINGTON, WESTERN DISTRICT
DOCKET NUMBER...................: CR 98-619L-001
JUDGE...........................: LASNIK
DATE SENTENCED/PROBATION IMPOSED: 09-10-1999
DATE COMMITTED..................: 11-01-1999
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


             FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00      $00.00        .$00.00      $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO     AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 -----------------------


OFFENSE CODE....:  548
OFF/CHG: 18 USC 1956(A)(2) AND 2: MONEY LAUNDERING

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    97 MONTHS
 TERM OF SUPERVISION............:     3 YEARS
 DATE OF OFFENSE................: 09-29-1998
```

G0002    MORE PAGES TO FOLLOW . . .

1CSA1  540*23 *          SENTENCE MONITORING          *    12-01-2004
PAGE 002 OF 002 *          COMPUTATION DATA          *    13:10:02
                          AS OF 12-01-2004

REGNO..: 28353-086 NAME: HAWRELAK, NORMAN JOHN

----------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 09-20-2001 AT CSA AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 09-10-1999
TOTAL TERM IN EFFECT............:    97 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    8 YEARS    1 MONTHS
EARLIEST DATE OF OFFENSE........: 09-29-1998

JAIL CREDIT.....................:    FROM DATE    THRU DATE
                                    09-29-1998    09-09-1999

TOTAL PRIOR CREDIT TIME.........: 346
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 380
TOTAL GCT EARNED................: 324
STATUTORY RELEASE DATE PROJECTED: 10-13-2005
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 10-28-2006

```
PROJECTED SATISFACTION DATE.....: 10-13-2005
PROJECTED SATISFACTION METHOD...: GCT REL
```

```
G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

Having prepared the foregoing Petition for a Writ of Habeas Corpus, I hereby verify under penalty of perjury that the facts contained in the foregoing petition are true and correct. So verified this 21st day of June, 2005 A.D., by:

/s/ NORMAN JOHN HAWRELAK
NORMAN JOHN HAWRELAK
Reg.No. 28353-086
FLIGHTLINE UNIT F-02
BIG SPRING CORRECTIONAL CENTER
2001 Rickabaugh Drive
Big Spring, TX  79720

## CERTIFICATE OF SERVICE

I, NORMAN JOHN HAWRELAK, hereby certify that I have this day placed into the United States mail true and correct copies of the attached document(s):

"PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO TITLE 28 U.S.C. § 2241" with EXHIBITS

[One (1) original and Three (3) copies of same, PETITION: 31 Pgs.]
[EXHIBITS IN SUPPORT OF THE PETITION, Four (4) copies each: 22 Pgs.]

"COVER LETTER TO THE DISTRICT CLERK OF THE COURT":          1 Pg.

"U.S. POSTAL MONEY ORDER" filing fee: $5.00

in a sealed envelope, with sufficient first-class postage affixed thereto, by Certified Mail, Return Receipt Requested, Receipt Number: 7003 0500 0004 9119 1486, addressed to:

DISTRICT CLERK
U.S. DISTRICT COURT
U.S. COURTHOUSE
Third and Constitution Avenue, N.W.
Washington, DC 20001

So done this 21st day of June, A.D. 2005, by: NORMAN JOHN HAWRELAK

/s/ NORMAN JOHN HAWRELAK

31