IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| NORMAN JOHN HAWRELAK,<br>    Petitioner-Plaintiff,<br><br>vs.<br><br>JERRY EKBERG, WARDEN,<br>BIG SPRING CORRECTIONAL CENTER,<br>    and<br>HARLEY G. LAPPIN, DIRECTOR,<br>FEDERAL BUREAU OF PRISONS,<br>    Respondent(s)-Defendant(s). | Case Number: **1:05CV01403**<br><br>Judge: **Reggie B. Walton**<br><br>**MOTION FOR AN EXPEDITIOUS HEARING OF PETITIONER'S § 2241 HABEAS CORPUS PETITION** |

**COMES NOW** Petitioner, NORMAN JOHN HAWRELAK, in propria persona, and herein respectfully moves this Honorable Court to provide for an instant hearing on the Petitioner's duly filed Petition for a Writ of Habeas Corpus, such received by the Clerk of the Court on July 1, 2005, and filed on July 12, 2005. Due to this inexplicable 11-day delay in the filing of NORMAN JOHN HAWRELAK's Petition for a Writ of Habeas Corpus, coupled with the fact that were Petitioner granted the relief he seeks he would be entitled to be released on **August 17, 2005**, a date which is rapidly approaching, in approximately **10 days hence**, due to the time frame, the issues presented in the petition require immediate resolution. Every day that passes beyond this August 17, 2005 date will affect the freedom of the Petitioner.

The office of the writ of habeas corpus is to give a person restrained of his liberty an immediate hearing so that the legality of his detention may be inquired into and determined. See **Parker v. Ellis, 80 S.Ct. 909, 362 U.S. 574.** Writs of habeas corpus are in-

tended to afford a "'swift and imperative remedy in all cases of illegal restraint or confinement.'" **Fay v. Noia, 372 U.S. 391, 400 (1963)** (quoting **Secretary of State for Home Affairs v. O'Brien,** (1923) A.C. 603 (H.L.). See also **Johnson v. Avery, 393 U.S. 483, 485 (1969).** The Supreme Court has recognized that any undeserved and unwarranted time spent in prison has constitutional implications. **Glover v. U.S., 531 U.S. 198 (2001).**

Giving consideration to 28 U.S.C. § 2243, as the remedy for § 2241, the 9th Circuit in analyzing § 2243, has held:

> "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt attention from him within the four corners of the application. The ordinary rules of civil procedure are not intended to apply thereto, at least in the initial, emergency attention given as prescribed by statute to the application of the writ." **Ruby v. U.S., 341 F.2d 585, 587 (9th Cir. 1965).** See also: **Van Buskirk v. Wilkinson, 216 F.2d 735, 737-38 (9th Cir. 1954)**(habeas corpus "is a speedy remedy, entitled by statute to special, preferential consideration to insure expeditious hearing and determination.") **Mclellan v. Young, 421 F.2d 690, 691 (6th Cir. 1970)**(same). **Glynn v. Donnelly, 470 F.2d 95, 99 (1st Cir. 1972)**(28 U.S.C. § 2243 manifests policy that habeas petitions are to be heard promptly). Plainly, "the writ of habeas corpus, challenging detention, is reduced to a sham if the trial courts do not act within a reasonable time." (footnote omitted) **Jones v. Shell, 572 F.2d 1278, 1280 (8th Cir. 1978).**

2

In view of the federal Court's duty to review the unconstitutionality of a prisoner's incarceration in an expeditious manner and the longstanding preference for promptly remedying unlawful incarceration and affording incarcerated petitioners a basis for seeking to expedite habeas corpus proceedings lest their right to prompt release from unlawful custody be mooted by unnecessary delay, Petitioner respectfully urges the Court to step in and resolve the issues presented in favor of the Petitioner, in order to enforce Congress' express intention and preserve the integrity of the criminal justice system. It is corrosive to the rule of law and abhorrent to basic precepts of justice to imprison individuals for longer than mandated by the applicable laws.

**WHEREFORE,** Petitioner moves this Court to place his Petition on an "emergency hearing" track, due to the shortness of the timeframe and the irreparable harm that accrues to Petitioner with every day that passes that NORMAN JOHN HAWRELAK loses good time credits, and is held unlawfully beyond **August 17, 2005**, his correct release date under Congress' intent in the correct application of the statute, 18 U.S.C. § 3624(b), within five (5) days of receipt of this instant MOTION.

Respectfully presented this <u>28th</u> day of <u>July</u>, A.D. 2005, by:

/s/ NORMAN JOHN HAWRELAK
NORMAN JOHN HAWRELAK
Reg.No. 28353-086
FLIGHTLINE UNIT F-02
BIG SPRING CORRECTIONAL CENTER
2001 Rickabaugh Drive
Big Spring, TX  79720

## CERTIFICATE OF SERVICE

I, <u>NORMAN JOHN HAWRELAK</u>, hereby certify that I have this day placed into the United States mail true and correct copies of the attached document(s):

"MOTION FOR AN EXPEDITIOUS HEARING OF PETITIONER'S § 2241 HABEAS CORPUS PETITION" [One (1) original and One (1) Copy of same MOTION, consisting of: <u>3</u> pages]

in a sealed envelope, with sufficient first-class postage affixed thereto, addressed to:

>    DISTRICT CLERK
>    U.S. DISTRICT COURT
>    U.S. COURTHOUSE
>    333 Constitution Avenue, N.W.
>    Washington, DC  20001

So done this <u>28th</u> day of July, A.D. 2005, by: NORMAN JOHN HAWRELAK

/s/ *Norman John Hawrelak*